[No. 17317.  Department Two.  January 18, 1923.]

J. D. MEIKLE, as Receiver, etc., Appellant, v.
WENATCHEE NORTH CENTRAL FRUIT
DISTRIBUTORS et al.,
Respondents.[1]

CORPORATIONS (196)—ACTIONS—SUMMONS — REQUISITES — STAT-
UTES—CONSTRUCTION.  A twenty-day summons, prescribed by Rem.
Comp. Stat., §§ 222, 223, for personal service, and not the sixty-day
summons for publication, prescribed by Id., § 228, is the proper
form for the substituted personal service upon a domestic corpora-
tion having no officers in the state, by "depositing" a copy with the
secretary of state, under Id., § 227, providing that it shall be
"deemed and treated" as a personal service, provided that it shall
not be "deemed perfect" until published once a week for six weeks.

JUDGMENT (156)—COLLATERAL ATTACK—PRESUMPTIONS AS TO SERV-
ICE OF PROCESS—RECITALS IN JUDGMENT.  Though an affidavit of
substituted service of summons upon a corporation is defective in not
showing that there were no officers in the state upon whom service
could be made, a default judgment cannot be collaterally attacked,
in the absence of any showing that there were no officers in the
state, where the judgment and findings recite service on the corpor-
ation, failure to appear, and that default was regularly entered.

Appeal from a judgment of the superior court for
Chelan county, Grimshaw, J., entered March 17, 1921,
dismissing an action by a receiver to collect assess-
ments levied against an insolvent corporation.  Re-
versed.

*Charles P. Lund* and *Fabian B. Dodds,* for appellant.
*Crollard & Steiner,* for respondents.

MAIN, C. J.—The question in this case is whether
the proper service of process was made in order to
give the superior court jurisdiction in an action then
pending therein.  It will be necessary to trace briefly

[1]Reported in 212 Pac. 266.

the history of the litigation leading up to the judgment of the trial court holding that such service was insufficient, from which this appeal is prosecuted.

In October, 1919, the Umpqua Valley Fruit Union, an Oregon corporation, recovered a judgment in the sum of $1,954.32, in Spokane county, against the North Pacific Fruit Distributors, a corporation organized under the laws of this state. An execution was issued and returned unsatisfied. Thereafter the Umpqua Valley Fruit Union brought an action for the appointment of a receiver for the North Pacific Fruit Distributors, the defendant named in the first action and against which the judgment was obtained. In the second action, the one for the appointment of a receiver, there being no officers of the North Pacific Fruit Distributors in the state upon whom service of process could be made, service was attempted by depositing a copy of the summons with the secretary of state and by publication, under a section of the statute to which reference will hereinafter be made. It was after this service that J. D. Meikle, the appellant in this case, was appointed receiver. Thereafter the receiver filed a petition against the respondents, as members of the North Pacific Fruit Distributors, seeking to have an assessment made against them for the purpose of satisfying the obligations of that company, it then being insolvent. The assessment was made and not paid, and the present action was begun for its collection.

In the answer in this case, jurisdiction of the superior court to appoint a receiver of the North Pacific Fruit Distributors was denied. The trial court sustained the position taken in the answer, and held that the attempted service was ineffectual. The summons served and published in that case was what is known as the twenty-day summons. The respondents contend that

it should have been a sixty-day summons. The question then is, did the service of the twenty-day summons and the publication thereof for six consecutive weeks confer jurisdiction upon the trial court to appoint the receiver. This question, of course, is one of statutory construction. Section 222, Rem. Comp. Stat., specifies what a summons shall contain. Section 223 sets out a form thereof, which requires the defendant to appear within twenty days after the service. Section 226 provides for the manner of the service. Subdivision 8 of this section specifies that the summons shall be served upon a corporation, except those mentioned in the preceding subdivision, which is here immaterial, by delivering a copy thereof ". . . to the president or other head of the company or corporation, secretary, cashier or managing agent thereof." This, apparently, refers to the summons mentioned in sections 222 and 223 preceding, which, as above stated, is that requiring the defendant to appear within twenty days.

Section 227 covers the matter of service upon a corporation created by the laws of this state which does not have an officer in the state upon whom service can be made, and is as follows:

"Whenever any corporation, created by the laws of this state, or late territory of Washington, does not have an officer in this state upon whom legal service of process can be made, an action or proceeding against such corporation may be commenced in any county where the cause of action may arise, or said corporation may have property, and service may be made upon such corporation by depositing a copy of the summons, writ, or other process, in the office of the secretary of state, which shall be taken, deemed and treated as personal service on such corporation: Provided, a copy of said summons, writ, or other process, shall be deposited in the postoffice, postage paid, directed to the secretary or other proper officer of such corporation,

at the place where the main business of such corpora-
tion is transacted, when such place of business is known
to the plaintiff, and be published at least once a week
for six weeks in some newspaper printed and published
at the seat of government of this state, before such
service shall be deemed perfect.''

It will be noticed that, by this section, if the corpora-
tion does not have an officer upon whom service of
process can be made, the summons shall be served by
''depositing'' a copy thereof in the office of the secre-
tary of state, which shall be ''deemed and treated'' as
personal service; provided, as the statute states, a copy
of the summons shall be deposited in the post office,
etc., and ''be published at least once a week for six
weeks in some newspaper printed and published at the
seat of government of this state, before such service
shall be deemed perfect.'' By this statute the service
upon the secretary of state shall be deemed and treated
as personal service, but it shall not be ''deemed per-
fect'' until the things contained in the proviso have
been done. The default judgment, in which the receiver
was appointed, was not entered until more than twenty
days after the last publication of the summons, as
specified by the statute. The respondents contend, as
above stated, that the service and publication of the
twenty-day summons was not the one which would con-
fer jurisdiction, but that the sixty-day summons was
required. The sections of the statute, prior to § 227,
which is the one authorizing service upon a domestic
corporation when no officer can be found in the state,
make no mention of any summons other than a twenty-
day summons. Section 228 provides that, when a de-
fendant cannot be found within the state, service may
be had by publication in certain cases, and provides
that the summons shall be substantially in the form
prescribed in § 233. This latter section covers the man-

ner of publication and the form for a sixty-day summons.

Where the service is by publication, the sixty-day summons is used. The service in this case, under § 227, was not service by publication because, by the terms of the statute, it is to be deemed and treated as personal service. It may not have been personal service, strictly speaking, but it was at least a form of substituted service which was to be treated as such. Service by publication is not the only form of substituted service. *Brooks v. Orchard Land Co.,* 21 Idaho 212, 121 Pac. 101. The service, having been made under § 227 and with the twenty-day summons, was sufficient to confer jurisdiction.

It is argued, however, that the attempted showing by affidavit that there was no officer of the corporation in this state upon whom legal service of process could be made is not sufficient. The order of default recites that the defendant was served with summons and complaint more than sixty days prior thereto, and that no appearance had been made within the time limited by law. The findings recite that the officers of the corporation have abandoned it and its business, and the decree appointing a receiver recites that the default of the corporation had been regularly entered. There is no showing, or attempted showing, that there was any officer of the corporation in the state upon whom process could have been personally served. Conceding, for the sake of argument, that the affidavit was not sufficient, in view of these recitals, the respondent is not in a position to collaterally attack the judgment. *Burns v. Stolze,* 111 Wash. 392, 191 Pac. 642. The service, having been made in accordance with the provisions of § 227, was sufficient to confer jurisdiction upon the court to appoint a receiver.

The judgment will be reversed and the cause remanded for further proceedings.

PARKER, FULLERTON, and TOLMAN, JJ., concur.