[No. 18882.  Department One.  January 8, 1925.]

THE STATE OF WASHINGTON, *on the Relation of James Fisher, Respondent,* v. R. H. GREENE, *Appellant.*[1]

CORPORATIONS (74)—STOCKHOLDERS—INSPECTION OF BOOKS. Defendant's refusal to allow a stockholder of the F. Company to inspect its books, under Rem. Comp. Stat., §§ 3827, 3828, is not justified by the alleged fact that the F. Company is not a going concern and that its books were simply stored with the C. Company with instructions not to allow anyone to inspect them, where it appears that defendant, secretary of the C. Company, was elected secretary of the F. Company in 1917, since which there had been no meetings of the stockholders or directors, the C. Company being a sort of reorganization of the F. Company and holding one-third of its capital stock.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered March 29, 1924, upon findings in favor of the plaintiff, in an action to compel the officers of a corporation to permit a stockholder to inspect corporate records, tried to the court. Affirmed.

*W. D. Scott,* for appellant.

*Charles Grant,* for respondent.

PEMBERTON, J.—The relator, James Fisher, instituted this action against appellant, secretary of the Flathead Petroleum Company, a corporation, to secure an order permitting the inspection of the stock books of the company and for a penalty for the refusal to allow the inspection.

The law granting this right of inspection provides as follows:

"It shall be the duty of the trustees of every company incorporated under this chapter, to keep a book containing the names of all persons, alphabetically

[1]Reported in 231 Pac. 798.

arranged, who are or shall be stockholders of the corporation . . . which book, during the business hours of the day, on every day excepting Sunday and the legal holidays, shall be open for the inspection of stockholders and creditors of the company at the office or principal place of business of the company . . . ." § 3827, Rem. Comp. Stat.

"If at any time the clerk or other officer having charge of such book shall make any false entry, or neglect to make any proper entry therein, or having the charge of any papers of the company shall refuse or neglect to exhibit the same or allow the same to be inspected, or extracts to be taken therefrom, or to give a certified copy of any entry, as provided in the preceding section, he shall be deemed guilty of a misdemeanor, and shall forfeit and pay to the injured party a penalty of not less than one hundred dollars nor more than one thousand dollars, and all damages resulting therefrom, to be recovered in any action of debt in any court having competent jurisdiction; . . . ." § 3828, Rem. Comp. Stat.

The trial court found that appellant was unlawfully refusing relator the right to inspect the books of the company and issued the writ of mandate requested, and fixed the penalty in the amount of $200.

On February 7, 1923, the relator, James Fisher, made a written demand upon appellant requesting that he be allowed to inspect the books and stock journal of the company. Appellant refused this demand and ordered relator from the office.

The appellant contends that the Flathead Petroleum Company is not a going concern and has no office; that its books and records were merely stored in the office of the Crows Nest Oil Company, another corporation, and that this corporation had directed appellant to not allow the inspection of the books in its office. Appellant further contends that he is not the secretary of the Flathead Petroleum Company, but is

merely taking care of its books for the Crows Nest Oil Company.

It is admitted that the Flathead Petroleum Company is now and has been a corporation for the last ten years, with its principal place of business in Spokane, Washington. In 1917, appellant was elected secretary, and since that date there have been no meetings of the stockholders or the board of trustees. Appellant, however, has been acting as the secretary of the company. It is also shown that the appellant is the secretary of the Crows Nest Oil Company, having its principal place of business at Spokane. The Crows Nest Oil Company owns one-third of the shares of the capital stock of the Flathead Petroleum Company. There is some testimony that the Crows Nest Oil Company is practically a reorganization of the Flathead Petroleum Company and is using the well drilling equipment of the Flathead Petroleum Company. In 1923 appellant permitted respondent to inspect the minute book of the Flathead Petroleum Company and is now in control and custody of the books and records of the company.

The fact that the company has no office other than with the Crows Nest Company would not deprive relator of the right to inspect the books of the Flathead Petroleum Company. In the case of *State ex rel. Weinberg v. Pacific Brewing & Malting Co.*, 21 Wash. 451, 58 Pac. 584, 47 L. R. A. 208, we quoted with approval the following rule:

" 'The statute is remedial; it was enacted to secure rights and suppress fraud and wrong; and should be so construed and enforced as effectually to carry out the purpose of the legislature, and remedy the evil sought to be prevented.' "

The fact that appellant is the secretary of the Crows Nest Oil Company does not relieve him of his duties as secretary of the Flathead Petroleum Company.

We see no reason to justify the refusal on the part of appellant to permit relator to investigate the books and records of the Flathead Petroleum Company at all reasonable times. Relator, being a stockholder, is one of the owners of the corporation, and, under the statute granting this privilege of inspection, the judgment of the trial court must be affirmed.

MAIN, C. J., BRIDGES, TOLMAN, and MITCHELL, JJ., concur.