[No. 21479.   Department Two.   December 28, 1928.]

THE STATE OF WASHINGTON, *on the Relation of Charles K. Lee, Respondent,* v. GOLDSMITH DREDGING COMPANY *et al., Appellants.*[1]

*White & Cunningham* and *Glenn E. Cunningham,* for appellants.

*Danson, Lowe & Danson,* for respondent.

FRENCH, J.—The Goldsmith Dredging Company is a Washington corporation, engaged in gold placer mining in the territory of Alaska. In the late fall of 1927, Charles K. Lee purchased a small amount of the stock of this corporation, and thereafter made application to the proper officers of the company to inspect all its books and records. The by-laws of this company provide that the secretary

[1]Reported in 273 Pac. 196.

". . . shall keep a stock book containing the names of all stockholders of record since the organization of the company, showing the place of residence, amount of stock held, time of acquiring the stock, and time of transfer of stock of each stockholder, respectively, and also the number and designation of each certificate of stock and the parties by and to whom transferred."

There seems to be some dispute between the parties as to exactly what took place at the office of the company, but it is admitted by the officers of the company that the respondent was refused access to the book containing the names and addresses of the stockholders. Application was made to the superior court for a writ of mandate to compel the officers of the company to permit an examination of all the books of the company, and the writ was issued. This appeal follows.

The entire controversy, in so far as we are able to determine the same from the briefs and from the record, centers around the refusal of the company to permit respondent to examine and make a copy of the book containing the names and addresses of the stockholders. True, appellant claims that it permitted an examination of all the other books and records, but on disputed testimony the lower court found to the contrary, and we can not say that the evidence preponderates against the finding of the trial court, and these findings amply support the broad and comprehensive writ of mandate which was issued.

We shall consider, then, only the question of the right of the respondent to examine the book containing the names and addresses of the stockholders.

It is undoubtedly true that, under the common law right of stockholders to examine the books and papers of a corporation, as the same has been construed by

the English courts and a number of courts in the United States, the right should have been denied as to this particular book.

But the strict common law rule as laid down by the early English courts has been modified to a considerable extent in this state.

"Corporations, owing to the ease with which they can be formed under the liberal provisions of the statute and, affording as they do a limited liability for investors, have become favorite means for the combination of capital, and are now engaged in almost every variety and character of business. In fact, they have largely superseded partnerships. Not having behind them the personal responsibility and fortunes of the promoters, or that of those who may have invested in their capital stock, the interests of the public at large require, and especially that part of the public dealing with them, that the courts adopt the rule which will most largely conduce to honesty in their management. We believe that these interests will be better protected by holding that a stockholder of a corporation has the right, at reasonable times, to inspect and examine the books and records of such corporation, so long as his purpose is to inform himself as to the manner and fidelity with which the corporate affairs are being conducted and his examination is made in the interests of the corporation. Nor will it be presumed, when such request is made, that the purpose of the inspection is other than in the interest of the corporation; and, when it is charged to be otherwise, the burden should be upon the officers refusing such request, or the corporation, to establish it. The argument that, under this rule, the managers of a rival concern may acquire stock in the corporation and use the privilege for the purpose of benefiting the rival concern, to the detriment of the corporation, is not more forceful than the other, that, under the restricted rule, a combination can be made by persons holding the majority of the stock by which the corporation is managed for their own interests, to the exclusion and detriment of the minority holders and injury to the public deal-

ing with it." *State ex rel. Weinberg v. Pacific Brewing & Malting Co.,* 21 Wash. 451, 58 Pac. 584, 47 L. R. A. 208.

This case has been consistently followed and cited with approval in many of our later decisions, among which are: *State ex rel. Heitman v. First Bank of Wilkeson,* 125 Wash. 321, 216 Pac. 9; *State ex rel. Gwinn v. Bucklin,* 83 Wash. 23, 145 Pac. 58, L. R. A. 1915D 285; *State ex rel. Fisher v. Greene,* 132 Wash. 283, 231 Pac. 798.

The by-laws of this corporation, requiring as they do that the secretary keep a book containing the names and addresses of stockholders, has all the force and effect of a statute. *State ex rel. Gwinn v. Bucklin, supra.*

On the authority of the cases above cited a stockholder in this state has an absolute right to examine all the books and papers of the corporation at proper and reasonable hours, unless it affirmatively appears that the purpose of the examination is inimical to the best interests of the corporation, and the burden is upon the corporation to affirmatively show such improper purpose.

Appellant seems to recognize that this is the rule in this state, and claims that it affirmatively appears that the purpose of respondent is an improper one, but a careful examination of the record fails to disclose anything more than a mere suspicion on the part of the officers of the corporation that the purpose for which these names and addresses is sought is an improper purpose. The lower court refused to find such wrongful purpose and we can find no evidence which would warrant this court in drawing such a conclusion. It may be that such a list of names and addresses is a valuable asset, but the by-laws of the corporation require that the secretary shall prepare and

keep such a list, and it therefore becomes a record which, in the absence of a wrongful purpose, the stockholder has an absolute right to examine.

Judgment affirmed.

FULLERTON, C. J., PARKER, and MAIN, JJ., concur.