STATE EX REL. SCHOMBERG, Appellant, vs. HOME MUTUAL . BUILDING & LOAN ASSOCIATION and another, Respondents.

*February 6—March 3, 1936.*

*Raymond H. Kleis* of Milwaukee, for the appellant.

For the respondents there was a brief by *Ludwig & Ludwig* of Milwaukee, and oral argument by *Richard J. Ludwig.*

FOWLER, J.   The plaintiff is the owner of twenty shares of paid-up "stock" in a building and loan association, and seeks by *mandamus* to compel examination of the books of the association by a certified public accountant in her behalf. She states no facts showing any reason for such examina-

tion. She merely alleges that such examination is necessary for her protection. She bases her right to such examination upon sec. 182.10, Stats., which provides that "the books of every corporation containing the stock subscriptions and accounts shall at all reasonable times be open to the inspection of the stockholders."

This statute applies to corporations organized under the general law. Building and loan corporations did not exist in the state and therefore were not contemplated as within its terms when it was enacted in 1853. It was a statutory enactment of a common-law right, somewhat broadened. *State ex rel. McClure v. Malleable I. R. Co.* 177 Wis. 582, 187 N. W. 646. The common-law rule was not formulated with reference to building and loan corporations. From the nature of the difference between the relations of stockholders of ordinary corporations and shareholders of building and loan corporations to their respective corporations, the reasons for the rule of the statute do not apply, and when the reason for a rule fails the application of it is denied. The paid-up shareholder of a building and loan corporation is much like a creditor of the corporation. The corporation owes him the amount of money denoted by its certificate. *North Ave. State Bank v. Excelsior M. B. & L. Asso.* 207 Wis. 260, 262, 240 N. W. 175. The certificate holder is in the same relative position to the building and loan association that the holder of a note or bond of an ordinary corporation is to that corporation. Sec. 182.10, Stats., does not confer on the holder of a corporation's bond the right of inspection of the corporation's books. No more, in reason, should it confer such right upon the building and loan association shareholder. The rights of the stockholder in the ordinary corporation are fixed by ch. 182, Stats. The rights of a building and loan shareholder or member are fixed by ch. 215, Stats. No provision for examination of the books of a building and loan corporation by a shareholder is contained in

ch. 215. It is to be noted that in the chapter of the statutes governing state banks the right of inspection of the banks' books by the stockholder is limited to the stock book. Sec. 221.10, Stats. The regulatory provisions for the examination of the books of banks by the banking department are as definite and broad as those for examination by the department of the books of building and loan associations. These regulations are deemed by the legislature sufficient to afford to the public and to creditors adequate protection. The legislature in case of banks, for reasons by it deemed sufficient, conferred upon stockholders the right of examination of the stock book. It has not conferred that right upon shareholders of building and loan corporations. This implies that had the legislature considered any right of examination by the shareholder necessary or proper for his protection, it would have conferred such right upon him as it did upon stockholders of banks.

That building and loan corporations are essentially different from ordinary corporations has been held in many cases. 9 C. J. p. 923; 4 R. C. L. p. 344. This court has so held. *State ex rel. Cleary v. Hopkins Street B. & L. Asso.* 217 Wis. 179, 257 N. W. 684. It is not a stock corporation governed by the general statutory provisions relating to such corporations. *Preston v. Reinhart,* 109 App. Div. 781, 96 N. Y. Supp. 851. They are in a separate class for the purpose of statutory regulation. *Julien v. Model B., L. & I. Asso.* 116 Wis. 79, 88, 92 N. W. 561. Ch. 215, Stats., is a complete and detailed scheme of their regulation. Examination by the state banking department is provided for. Such examination must be made at least once a year. This implies more frequent examinations will be made if deemed advisable or if cause therefor appears. The examiner is empowered to compel complete disclosure of the affairs of the corporation. Sec. 215.32, Stats. No other examinations being provided for, none other may be compelled. The bank-

ing department records are open to the inspection of the public and the information as to the corporate affairs and condition there obtainable is available to the petitioner and her accountant. *Nowack v. Fuller, Auditor General,* 243 Mich. 200, 219 N. W. 749, 60 A. L. R. 1351, 1356. If reason exists for more detailed information than the department's files contain, the department will doubtless make such further examination or inspection as may be necessary to obtain it.

The case of *State ex rel. Cotonio v. Italo-American Homestead Asso.* 177 La. 766, 149 So. 449, seems to be exactly in point. The Louisiana statutes contain a complete codification of the statutory law relating to building and loan corporations, as do our statutes. The provisions are similar. Neither contain any provision for examinations by stockholders. The rights of the shareholders are fixed by the statute in both cases. As no right of examination by the shareholder was given by the Louisiana statutes, it was held none existed and examination by the shareholder was denied. So here. It is true that sec. 78 of the Louisiana code declares the provisions of the code are exclusive of other statutory provisions, but this would follow without the express declaration. It is also true that the Louisiana code contains a provision for examination by a withdrawing member subject to reasonable rules prescribed by the association, and examination by such member being expressly given, none by any other member is warranted, under the rule of *inclusio unius est exclusio alterius.* But that rule is no more forceful than the rule that no statutory right of examination being given, none is implied, and there is no statutory right given in case of any but ordinary corporations and banking corporations, and a building and loan association is neither. That it is not a banking corporation is held in *State ex rel. Cleary v. Hopkins Street B. & L. Asso., supra.*

*By the Court.*—The order of the circuit court is affirmed.