[No. 28160. Department Two. May 8, 1941.]

THE STATE OF WASHINGTON, *on the Relation of W. A. Wicks et al., Appellants,* v. PUGET SOUND SAVINGS AND LOAN ASSOCIATION *et al., Respondents.*[1]

[1]Reported in 113 P. (2d) 70.

*James Young,* for appellants.

*Donworth, Paul & Donworth, James P. Rogers,* and *Miller & Weiss,* for respondents.

SIMPSON, J.—An action in mandamus was instituted, in the superior court, by appellants against respondent corporation and its officers and directors to enforce an inspection by appellants of the records of the corporation. The petition alleged that appellants were members and holders of class "A" pass books of respondent corporation; that, during a long period of time, they had sought information concerning the contents of the corporate records; and that the right to inspect the records had been denied them by the officers of the corporation.

It was further alleged:

"That heretofore on various and sundry ocassions during the past two years, more or less, the said plaintiffs, either by themselves or by their duly appointed representatives and for their mutual information and benefit and for the information and benefit of the larger group represented by the Shareholders Association, have sought information from the Puget Sound Savings and Loan Association and from its officers and directors and that on certain of such occassions certain information sought has been denied and that these plaintiffs either in person or by their representatives have on several occasions during the last year requested the right to see the minutes of the directors meetings and the books and records of the Puget Sound Savings and Loan Association for examination, audit and scrutiny and that such has been specifically and persistently denied both verbally and in writing."

Upon the filing of the petition, an alternative writ was issued, commanding respondents to appear upon a certain date and show cause why the writ should not be granted. Respondents appeared, demurred to the petition, and moved to quash the alternative writ. The demurrer and motion were based upon the following grounds:

"(1). That the Court has no jurisdiction of the person of the defendants or of the subject matter of the action; (2). That the plaintiffs have no legal capacity to sue; (3). That there is a defect of parties defendant; (4). That the complaint does not state facts sufficient to constitute a cause of action."

After the motion and demurrer were argued, the court entered an order quashing the writ and sustaining the demurrer, and then granted appellants the right to amend the petition. Thereafter, appellants having refused to plead further, the court entered a judgment of dismissal. This appeal followed.

The single assignment of error is that the court erred in sustaining respondents' demurrer and motion to quash the writ. There was no charge that there was any fraud or mismanagement in the manner in which the association was conducted nor was there any charge of unfair treatment.

Appellants contend that they have a common law and statutory right to inspect and examine the books and records of the corporation in which they have an interest as shareholders and stockholders. It is the settled law of this state that stockholders of corporations may at reasonable times inspect the books and records of the corporations in order to inform themselves concerning affairs of the company and the manner in which the officers are conducting the corporate business, provided their examinations are made in the interests of the corporation, the burden

being, however, on the corporation to show improper motives on the part of the stockholders. Rem. Rev. Stat., § 3827 [P. C. § 4527]; *State ex rel. Weinberg v. Pacific Brewing & Malting Co.*, 21 Wash. 451, 58 Pac. 584, 47 L. R. A. 208; *Meikle v. Wenatchee N. C. Fruit Distributors*, 123 Wash. 151, 212 Pac. 266; *State ex rel. Fisher v. Greene*, 132 Wash. 283, 231 Pac. 798; *State ex rel. Anderson v. Frederickson*, 133 Wash. 28, 233 Pac. 291; *State ex rel. Lee v. Goldsmith Dredging Co.*, 150 Wash. 366, 273 Pac. 196; *State ex rel. Grismer v. Merger Mines Corp.*, 3 Wn. (2d) 417, 101 P. (2d) 308.

■ However, the general rule to which we have just referred is not applicable to shareholders in savings and loan associations in this state.

This court has recognized a distinction between ordinary corporate shareholders and persons designated as shareholders under our savings and loan association act, Rem. Rev. Stat. (Sup.), §§ 3717-1 to 3717-112 [P. C. §§ 4564-21 to 4564-126] (Laws of 1933, chapter 183, p. 711). In the cases of *In re Krueger's Estate*, 180 Wash. 165, 39 P. (2d) 381, and *Rummens v. Home Savings & Loan Ass'n*, 182 Wash. 539, 47 P. (2d) 845, 100 A. L. R. 570, we stated that, although members of savings and loan associations are called shareholders, these associations are essentially different in character from ordinary stock companies, and, in the latter of the two cases cited, we stated that the persons called shareholders in these associations are more like depositors than investors in corporate stock. In the case of *In re Puget Sound Savings & Loan Ass'n*, 49 F. (2d) 922, it is said that the relation of shareholders in savings and loan associations under our act is *sui generis.*

■ These associations are creatures of statute, and are quasi-public in their nature. *Bank of Fairfield v. Spokane County*, 173 Wash. 145, 22 P. (2d) 646, and

*State ex rel. Berger v. Allen,* 186 Wash. 403, 58 P. (2d) 293. In the latter case we stated:

"Thus, while under our laws a savings and loan association is a corporation, it has some of the characteristics of a quasi public corporation. Its creation, by-laws, officers, manner of doing business, investments, expenses, reserves and accounting are all more or less subject to statutory, governmental control and supervision. Because of the inherent nature of such a corporation, particularly as to its large membership, which, for the most part, use it as a safe investment medium for their meager savings and for the building of homes to be paid for on a small monthly payment plan extending over a number of years, the legislature has placed upon certain state officers the responsibility of protecting the members in dealing with such an association; and while the courts are invested with some powers in receivership and liquidation proceedings, they are much more restricted than is the case with private corporations."

One of the protective provisions of the act, to which reference is made in the opinion just quoted, is contained in Rem. Rev. Stat. (Sup.), § 3717-94 [P. C. § 4564-113], which provides:

"The supervisor of savings and loan shall devote his full time to service; shall be charged with the administration and enforcement of this act, and shall have and may exercise all powers necessary or convenient thereunto; shall furnish all associations who have paid their annual license fees, certificates of authority authorizing them to transact business; shall require of each association such reports and statements at such times as he may deem necessary on forms to be furnished by him; and shall require each association to conduct its business in accordance with the provisions of this act. He shall have the power to perform all duties imposed on him by this act. He, or his authorized examiners, shall visit and examine each association at least once in each year without previous notice, and shall have full access to all books, papers, records

of every kind and nature for the purpose of examination; . . . ."

We are of the opinion that this measure provides the exclusive method of examination of the books and records of savings and loan associations, and that the legislature did not intend that shareholders should have the right to inspect the books, which prevails in the case of ordinary corporations.

■ Another reason for concluding that the legislature did not intend to allow shareholders to inspect the books and records of associations at their will, is the fact that, when the act was submitted to the governor for his signature, it contained § 46, p. 731 (Laws of 1933, chapter 183), which reads as follows:

"Any member shall have the right at reasonable times and for reasonable and proper purposes, to inspect the books and records, articles and by-laws of the association: *Provided, however,* That nothing in this section contained shall permit the giving to or obtaining by a member of the names of members in or borrowers from such association, or the individual amounts of such accounts."

This section was vetoed by the governor and was not passed over his veto or reenacted at subsequent sessions.

Our view is sustained by *State ex rel. Contonio v. Italo-American Homestead Ass'n,* 177 La. 766, 149 So. 449, and *State ex rel. Schomberg v. Home Mutual Building & Loan Ass'n,* 220 Wis. 649, 265 N. W. 701. In the latter case the court stated:

"The common-law rule [relative to shareholders being able to examine corporate books] was not formulated with reference to building and loan corporations. From the nature of the difference between the relations of stockholders of ordinary corporations and shareholders of building and loan corporations to their respective corporations, the reasons for the rule of the statute do not apply, and when the reason for a rule

fails the application of it is denied. The paid-up shareholder of a building and loan corporation is much like a creditor of the corporation. The corporation owes him the amount of money denoted by its certificate. *North Ave. State Bank v. Excelsior M. B. & L. Asso.* 207 Wis. 260, 262, 240 N. W. 175. The certificate holder is in the same relative position to the building and loan association that the holder of a note or bond of an ordinary corporation is to that corporation. Sec. 182.10, Stats., does not confer on the holder of a corporation's bond the right of inspection of the corporation's books. No more, in reason, should it confer such right upon the building and loan association shareholder. . . .

"Examination by the state banking department is provided for. Such examination must be made at least once a year. This implies more frequent examinations will be made if deemed advisable or if cause therefor appears. The examiner is empowered to compel complete disclosure of the affairs of the corporation. Sec. 215.32, Stats. No other examinations being provided for, none other may be compelled."

We hold that, because of the provisions of the law governing savings and loan associations, appellants did not allege facts in their petition sufficient to warrant the issuance of the writ which was sought.

The judgment is affirmed.

ROBINSON, C. J., BEALS, MILLARD, and JEFFERS, JJ., concur.