## (June 29, 1965)

■ In the Matter of JUDITH OCHS et al., Constituting the Committee to Elect Independent Directors at Washington Heights Federal Savings and Loan Association, Respondents, v. WASHINGTON HEIGHTS FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant, et al., Respondents.

APPEAL from an order of the Supreme Court at Special Term, entered January 13, 1965 in New York County, insofar as it granted a motion by petitioners for an order directing appellant to permit petitioners to examine and copy the appellant's membership list.

Order affirmed.

VALENTE, J. (dissenting). Even assuming that petitioners, who are depositors in a Federal savings and loan association organized under the Home Owners' Loan Act of 1933 (U. S. Code, tit. 12, § 1461 *et seq.*), may be treated as shareholders in a corporation and therefore entitled to a common-law right of inspection of the list of other depositors or members of the association, I cannot agree that petitioners should have been allowed such an inspection in the instant case without a preliminary trial as to their good faith.

It was held in *Durnin* v. *Allentown Fed. Sav. & Loan Assn.* (218 F. Supp. 716) that a member of a Federal savings and loan association who holds a savings account has a right to obtain a list of the membership in order to solicit their votes for the election of directors. A contrary result was reached in *Daurelle* v. *Traders Fed. Sav. & Loan Assn.* (143 W. Va. 674). (See, also, *State ex rel. Wicks* v. *Puget Sound Sav. & Loan Assn.*, 8 Wash. 2d 599; *State ex rel. Schomberg* v. *Home Mut. Bldg. & Loan Assn.*, 220 Wis. 649; Anno. 134 A.L.R. 696.)

While I still retain doubts about whether membership in a Federal savings and loan association is more akin to a shareholder in a corporation than a policyholder in a mutual life insurance company (see *People ex rel. Venner* v. *New York Life Ins. Co.*, 111 App. Div. 183), I would not dissent on the question of a right of inspection of the membership lists were it not for the collateral question of good faith posed by the record in this case.

In *Matter of Steinway* (159 N. Y. 250) it was established that a stockholder has a common-law right to inspect the records of his corporation "for a proper purpose". In Hornstein, Corporation Law and Practice (Vol. 2, § 611, p. 124) it is stated: "Common law early acknowledged the right of inspection, but qualified it by a requirement that it be exercised in good faith and for a proper purpose."

In the instant case, the court at Special Term found appellant's charge of petitioners' bad faith sufficiently impressive to direct a trial of the issue of good faith with respect to petitioners' demand to inspect the association's minute book. The same substantial issue of fact should have required a trial as to the inspection of the membership list. (*Matter of Tate* v. *Sonotone Corp.*, 272 App. Div. 103; *Matter of Kohleberg* v. *American Council*, 270 App. Div. 520.) A shareholder's common-law right to inspect a stock book or membership list is no less subject to the requirement of good faith than is his right to inspect any other corporate book or record. (See *Sivin* v. *Schwartz*, 22 A D 2d 822; cf. *Matter of Breswick & Co.* v. *Greater New York Inds.*, 308 N. Y. 1041.)

Consequently, I dissent. I would reverse the order and direct that the issue of petitioners' good faith be tried simultaneously with the trial ordered as to the inspection of the corporate minutes, before it be determined whether a final order should issue permitting an inspection of the membership list.

Rabin, J. P., McNally, Eager and Steuer, JJ., concur in decision; Valente, J., dissents and votes to reverse in opinion.

Order entered on January 13, 1965 affirmed, with $30 costs and disbursements to the respondents. Settle order on notice.