[No. 7442.  Decided September 29, 1908.]

SADIE SILVERSTONE *et al.*, *Respondents*, v. B. T. TOTTEN *et al.*, *Appellants.*[1]

TAXATION—PROCESS—SUMMONS FOR PUBLICATION—SUFFICIENCY — STATUTES—CHANGE IN LAW—PENDING PUBLICATION.  A summons for publication in a tax foreclosure, requiring appearance within sixty days after service of the summons, complying with the law existing at the time of the service, is void where before the service was complete, a new law took effect, providing that the summons require appearance within sixty days after the date of the first publication of the summons; as the new law governs in matters of procedure.

JUDGMENTS—RECITALS—PROCESS—PRESUMPTIONS—DIRECT ATTACK. A recital in a judgment of due service of a summons is not conclusive where the judgment is directly attacked by an action in equity to set it aside; and an unquestioned finding that none but a defective service was made overcomes the presumption of regularity raised by the recital.

[1] Reported in 97 Pac. 491.

Appeal from a judgment of the superior court for King county, Albertson, J., entered March 19, 1908, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action to set aside a tax title. Affirmed.

*I. H. Randolph*, for appellants.
*Edward Judd*, for respondents.

HADLEY, C. J.—This is an action to avoid certain tax foreclosure proceedings and all conveyances thereunder, affecting lot 41, block 2, Union Depot Addition to South Seattle, in the city of Georgetown. The land belonged formerly to John P. Lynn, a nonresident of the state of Washington. In the year 1900 a certificate of delinquency was issued by the county treasurer to B. T. Totten, for taxes upon the land for the year 1896 and prior years. In due time Totten brought suit to foreclose the lien of the certificate, and procured a decree of foreclosure. This was followed by a sale and the issuance of a tax deed to Totten. This tax title was purchased by King county, the land to be used as a part of a highway, and its municipal successor, the city of Georgetown, now holds it as a street. At the time of the foreclosure proceedings, the fee simple title was in Lynn, under whom the plaintiffs in this action take title. The complaint asks that the foreclosure proceedings and all conveyances thereunder shall be held to have been void, and that the plaintiffs' title shall be quieted as against the same.

The court found at the trial of this action that Lynn was never actually served with process in the foreclosure suit, and that he had no actual knowledge of the pendency thereof, but that an attempt was made to serve him by publication summons, which summons commanded him to appear "within sixty days after the service of this summons upon you exclusive of the day of service." The first publication was made February 21, 1901, and the last April 4, 1901. Judgment was entered June 22, 1901, seventy-eight days after the last

publication. The decree contained the recital in effect that service of the complaint and notice was duly made according to law. The files and records in the foreclosure suit show nothing touching the service of process upon Lynn save the attempted service by publication and the aforesaid recital in the decree. The court entered judgment for the plaintiffs herein, holding the foreclosure proceedings and the conveyances thereunder to be void, and that plaintiffs' title should be quieted as against the same. The defendants have appealed.

No statement of facts has been brought to this court, and the findings of the trial court therefore establish the facts in the case. It will be remembered that the publication of the foreclosure summons covered the period from February 21 to April 4, 1901. The summons as published was in conformity with the law existing at the time the publication began. Pending the period of publication, however, the legislature passed an act amending the law upon the subject of the summons in tax cases. Laws of 1901, p. 383, ch. 178, § 1, subd. 2. It will be observed that the new law required the summons when published to direct the appearance within sixty days after the date of the first publication of the summons, exclusive of such first day, whereas the summons that was published called for an appearance within sixty days after service of the summons, exclusive of the day of service. The new law contained an emergency clause, and was approved by the governor March 20, 1901, taking effect some two weeks before the completion of the publication period. Under such circumstances, this court held, in *Woodham v. Anderson*, 32 Wash. 500, 73 Pac. 536, that the new law governs in this matter of the sufficiency of the summons, as it relates to procedure only. The summons did not conform to the new law and was therefore void. Appellants concede that the summons described was insufficient but they make the contention that, inasmuch as a period of seventy-eight days elapsed between the time

29—50 WASH.

of the close of the publication period and the entry of judgment, there was ample time to have published a new summons in conformity with the new law, and that inasmuch as the decree recited that the notice was regularly and duly served, it should now be presumed that such a new publication was made. It may be true, under the decisions of this court, that such a presumption should prevail as conclusive in a case of a collateral attack on a judgment. But it cannot be conclusive when the judgment is directly attacked. In the latter case the judgment is entitled to the presumption in its favor in the first instance, but that may be overcome by proof. This action is a direct attack upon the foreclosure judgment. It is a suit in equity for the express purpose of avoiding the judgment and the proceedings thereunder. The trial court, after describing in its findings the aforesaid defective summons, further found that "no other summons or process notifying him of the pendency of said suit was ever served upon said John P. Lynn." For reasons already stated the above finding must be accepted as a fact in this case, and it destroys the presumption in favor of any service in the foreclosure suit.

The judgment is affirmed.

RUDKIN, FULLERTON, CROW, MOUNT, and ROOT, JJ., concur.