[No. 7714. *En Banc.* October 20, 1909.]

ELLA H. HOLLY, *Respondent*, v. HUGH MUNRO *et al.*, *Appellants*.[1]

TAXATION—JUDGMENT AND SALE—VACATION—MERITS—TENDER OF TAX. The rule that an action to vacate a judgment cannot be maintained without an allegation of a meritorious defense has no application to proceedings to vacate a void tax judgment, the statute requiring only a tender of the taxes paid; such tender and the validity of the tax judgment being, moreover, a meritorious defense.

JUDGMENTS—RECITALS—PRESUMPTIONS—FINDINGS OF FACT. The rule that recitals in a judgment showing jurisdictional facts raise a presumption of jurisdiction has no application to recitals in findings of fact, especially in an equity case where findings are not necessary.

[1]Reported in 104 Pac. 508.

SAME—EVIDENCE OF SERVICE—PRESUMPTIONS. The presumption from recitals of due service of process in a judgment is only *prima facie* and may be overcome by proof that none other than the void summons on file was served.

Appeal from a judgment of the superior court for Stevens county, Carey, J., entered March 16, 1908, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*Post, Avery & Higgins,* for appellants.

*Osee W. Noble* and *S. Douglas,* for respondent.

DUNBAR, J.—This is an action styled by the appellant, "an action to set aside a judgment obtained in tax foreclosure proceedings"; by the respondent, "an action to quiet title." Whatever name may be applied to it, the complaint asked for relief upon the ground that the sale of the property, which was made for the collection of taxes, was made under a void judgment by reason of an insufficient summons, which it is alleged was void and of no force or effect; and that no other, further, or different summons was ever issued, filed, served, or published in said action. The defendants admit that the summons set forth in the complaint was published, but deny the other allegations just mentioned. A demurrer to the complaint was overruled by the lower court and on a trial on the merits, the court denied defendants' motion to dismiss the action, on a challenge to the sufficiency of the evidence and the allegations of the complaint at the close of plaintiff's case, and at the close of defendants' case rendered a decree for the plaintiff. From this decree the defendants appeal.

The assignments are that the court erred in overruling the demurrer to the complaint, and in denying defendants' motion to dismiss at the close of plaintiff's case. The first assignment is based upon the contention that this action is, in effect, an action to vacate a judgment, although in form

an action to quiet title or remove a cloud; that the result from the one form of action is identical with the result from the other; that the name by which the action is christened is quite immaterial, and that, being in fact an action to vacate a judgment, there should have been an allegation of merits.

It is undoubtedly the general rule, which has been uniformly sustained by the decisions of this court, that one seeking the assistance of a court of equity for the purpose of vacating a judgment must show that the former judgment was inequitable and that he had a good and sufficient defense in whole or in part to the action; for a court of equity will not do an idle thing and open a judgment simply because the proceedings have failed to comply with the forms of law, at the instance of a petitioner who would not be benefited by such action of the court. But this court, in *Gould v. White*, 54 Wash. 394, 103 Pac. 460, held that the rule did not apply to an action to set aside a tax judgment, that a tender of all the taxes paid seemed to be the sole requirement of the statute, and that the defendant could not insist upon more; citing *Hauswirth v. Sullivan*, 6 Mont. 203, 9 Pac. 798, where the reason for the distinction is forcibly announced. Under the authority of this case the complaint was sufficient, there being an allegation of tender of all the taxes due, and of the deposit of the amount tendered in court upon the refusal of the defendants to accept the same. But, in reality, this is not an exception to the general rule, for the complaint approaches the demands of the rule as nearly as the nature of the action will permit. For if an allegation of ownership, of sale for taxes without notice and under a void judgment, and a tender of the taxes to the purchaser under such judgment, is not sufficient, then one must stand without remedy against the loss of his property, which is effected without due process of law.

On the other proposition involved, it is undoubtedly true that it is the rule of this court that the recitation in a judgment of jurisdictional facts sufficient to give the court juris-

diction to pronounce a judgment establishes the presumption of jurisdiction. But in all the cases decided by us to that effect, the jurisdictional fact was recited in the judgment, while the record in this case shows that such statement is only made in the findings of fact, while the judgment itself is silent on that subject. And while the judgment is based upon the findings, we do not think it wise to extend the rule beyond the solemn declarations of the judgment itself, especially in view of the fact that in this state findings are not required in equity cases, and are therefore not a part of the judgment roll. But, in any event, the recital of jurisdiction is only *prima facie* evidence, and while the testimony in this case is not absolutely convincing that no other summons was issued in the case, we think it is reasonably so, and are therefore not inclined to disturb the judgment of the trial court on that question.

The summons involved having been held to be void by this court, in *Young v. Droz*, 38 Wash. 648, 80 Pac. 810, the judgment will be affirmed.

ALL CONCUR.