[No. 8109.   Department Two.   November 12, 1909.]

NANCY J. HEMBREE, *Appellant* v. WILLIAM McFARLAND
et al., *Respondents.*[1]

TAXATION — FORECLOSURE — SUMMONS FOR PUBLICATION — SUFFI-
CIENCY.   Under Laws 1897, p. 182, § 96, subd. 3, a summons by publica-
tion requiring the defendant to appear within sixty days after the
"service" of the summons is not in accordance with the statute, and
is insufficient to confer jurisdiction to enter a judgment of default.

TAXATION—FORECLOSURE AND SALE—SETTING ASIDE—LACHES.   A
nonresident who failed to pay taxes for six years is not estopped by
laches from bringing action to set aside a void tax foreclosure, where
there were no material changes in the value of the property, and
she did not know, until about a year prior to action, of the attempted
foreclosure or possession by the defendant.

TAXATION—JUDGMENT—DIRECT ATTACK.   An action to recover pos-
session of lands sold for taxes and to set aside the tax judgment is
a direct and not a collateral attack upon the tax foreclosure.

JUDGMENT — RECITALS — EVIDENCE TO OVERCOME PRESUMPTION OF
JURISDICTION.   Proof that defendants did not appear, were not per-
sonally served, and a record showing nothing but the publication
of summons void on its face, is sufficient to overcome the presump-
tion from recitals in the judgment of due service, and shifts the
burden of proof, in a direct attack on the judgment; as the same
is only a *prima facie* presumption.

Appeal from a judgment of the superior court for King
county, Morris, J., entered December 19, 1908, upon findings
in favor of the defendants, after a trial on the merits be-
fore the court without a jury, in an action to quiet title.
Reversed.

*L. H. Wheeler,* for appellant.

*Bausman & Kelleher,* for respondents.

MOUNT, J.—The appellant brought this action to re-
cover possession of a certain lot of land, and to set aside a
judgment and to remove the cloud thereof from the plain-
tiff's title.   The trial court concluded that the plaintiff was

[1]Reported in 104 Pac. 837.

guilty of laches, and was therefore estopped to claim the land, and entered a decree dismissing the plaintiff's complaint, and quieting title in the respondents. The plaintiff has appealed.

The facts are not disputed. It appears that the appellant is a nonresident of the state. In the year 1895 she acquired the lot in question and an adjoining lot in the city of Seattle. She paid no taxes on the lot in question. In the year 1900, the county treasurer issued to respondent Hannah McFarland a certificate of delinquency for taxes delinquent on the property for the years 1895-6. On February 14, 1901 Hannah McFarland brought an action to foreclose her certificate of delinquency. The only service attempted was by publication. This service was void. No appearance in the case was made by the defendants. Thereafter a default decree of foreclosure was entered. This decree recited that the notice and summons "was regularly and duly served." Thereafter, in July, 1901, the property was sold under the decree of foreclosure, and was bid in by the plaintiff in that action. A treasurer's deed was subsequently issued to her, and she immediately took possession of the property, and after September, 1903, made improvements on the property to the value of $2,100. The lot in question, at the time this action was begun, was of the value of $1,100. At the time of the foreclosure the lot was of the value of about $100. Prior to bringing the action, the appellant tendered to respondents all taxes and interest paid by them. She did not know of the foreclosure or that the respondents had possession of her lot, until the year 1906. She brought this action in September, 1907.

It is conclusively shown in the case that the court had no jurisdiction to enter the decree in the tax foreclosure case. This court has repeatedly held that summons like the one here served is void and confers no jurisdiction upon the court to render judgment. *Gould v. White*, 54 Wash. 394, 103 Pac. 460. This point seems to be conceded. The trial

court was of the opinion, however, that the appellant was guilty of laches, and for that reason could not maintain the action. This ruling was based upon the decision in the case of *Stevens v. Doohen*, 50 Wash. 145, 96 Pac. 1032. In that case we said:

"There are facts in the record which tend strongly to show laches on the part of the appellants, but we shall not con- . sider these facts because we prefer to rest the decision of this case upon the validity of the judgment in the tax foreclosure proceeding."

The opinion shows that the value, the title, and the conditions of the property had materially changed. It is not stated what notice the appellants in that case had of such changes, but it is fair to presume, in view of the fact that they were residents of the state, that they stood by for several years and knew of these changes; while in the case at bar the appellant did not know that there was any attempted foreclosure or sale of her property until about one year prior to the time she brought this action. After she learned this fact, no material change in the value, title, or conditions of the property is shown to have taken place. We think, therefore, this case is not controlled by that case, and also that there is no laches shown except the mere failure to pay taxes, which, under the rule stated in *Gould v. White*, *supra*, is not sufficient.

It is argued by respondents that the judgment of the lower court should be affirmed upon two grounds, besides the one upon which the court rested the decision; viz., (1) because this is a collateral attack upon the tax judgment, and (2) because the evidence is insufficient to overcome the presumption of jurisdiction arising from the recitals in the tax judgment. We have held that an action identical with this in all respects was a direct attack in equity upon the foreclosure judgment.. *Silverstone v. Totten*, 50 Wash. 447, 97 Pac. 491.

In *Gould v. White, supra,* which was a case like this, we said:

"In this case the appellants proved that the defendants in the tax forclosure proceedings did not appear, and were not personally served with process, and produced a record showing nothing beyond the publication of a void summons. This, in our opinion, made out a *prima facie* case in their behalf; the presumption in favor of jurisdiction was overcome, and the burden of proof shifted to the respondents to show that a valid service of process was made."

And in *Holly v. Munro, ante* p. 311, 104 Pac. 508, we said:

"But, in any event, the recital of jurisdiction is only *prima facie* evidence."

These decisions are based upon the theory that the attack was direct upon the tax foreclosure judgment. In *Wick v. Rea,* 54 Wash. 424, 103 Pac. 462, Department One of this court said:

"The rule is, and it has been frequently declared by this court, that where the court has jurisdiction of the subject-matter of an action and the judgment recites due service, when there is nothing in the record to contradict the recitals of the judgment, it cannot be collaterally attacked. Under this rule the evidence upon which the court based its finding need not appear affirmatively in the record. It is enough if the contrary does not appear. [Citing authorities.] The converse of this rule follows, and is sustained by the same authorities. So that, although the judgment recites jurisdiction, if a want of jurisdiction affirmatively appears upon the face of the whole record, the judgment will be held to be void upon collateral as well as direct attack."

The recital of due service in this case is disputed by the record itself, and such service was therefore merely *prima facie* and might be overcome by proof to the contrary. *Gould v. Stanton,* 54 Wash. 363, 103 Pac. 459. Such proof appears in this case. In fact, it is not disputed that the summons of record is void upon its face, and that no other service was made, or attempted to be made, and no personal

appearance was made by the defendants in that action. The tax foreclosure judgment was therefore void, and should have been set aside. The judgment appealed from is reversed, and the cause remanded with directions to enter a judgment setting aside the tax foreclosure proceedings and requiring the appellant to pay to respondents the taxes paid by them, together with interest; and also to pay the value of the improvements as hereinbefore stated, in accordance with the provisions of chapter 137, Laws 1903, page 262.

RUDKIN, C. J., CROW, DUNBAR, and PARKER, JJ., concur.