COLUMBIA BASIN LAND COMPANY, *Respondent*, v.
PETER C. CHALMERS COMPANY, *Appellant*,
EPHRATA LAND COMPANY *et al.*, *Defendants*.[1]

CORPORATIONS (196)—ACTIONS—SUMMONS—SUBSTITUTED PERSONAL
SERVICE.  A summons cannot be served, under Rem. Comp. Stat.,
§ 227, upon a corporation by service on the secretary of state without
any showing that it had no officer in the state upon whom process could be served.

SAME (193, 196)—TAXATION (153)—ACTIONS—CAPACITY TO BE
SUED—STRICKEN FROM ROLLS—PROCESS.  A corporation, though
stricken from the rolls at the time of the commencement of a tax
foreclosure, having officers who can be found, and a place for the
transaction of business, in this state, cannot be served by publication of the summons.

SAME (196)—ACTIONS—PROCESS—SERVICE ON SECRETARY OF STATE.
The summons for publication, under Rem. Comp. Stat., § 227, is a
form of substituted personal service, which is perfected only after
deposit with the secretary of state and expiration of the time limited after the final publication.

JUDGMENT (156)—COLLATERAL ATTACK—WANT OF JURISDICTION—
EFFECT OF RECITALS CONTRARY TO RECORD.  A recital in a tax fore-
closure judgment that a summons was duly served as required by
statute, does not aid the judgment where the recital is contradicted
by the record.

TAXATION (211)—REMEDIES OF OWNER—SCOPE AND EXTENT OF RE-
LIEF.  In an action to set aside a void tax foreclosure, where tender
of the tax is made, the court should determine the amount to be paid.

Appeal from a judgment of the superior court for
Grant county, Hill, J., entered January 28, 1922, upon
findings in favor of the plaintiff, in an action to quiet
title under a tax foreclosure, tried to the court.  Reversed.

*Daniel T. Cross* and *S. H. Kelleran*, for appellant.
*William M. Clapp*, for respondent.

[1]Reported in 218 Pac. 217.

Tolman, J.—This appeal presents the question of the validity of the service of process in a tax foreclosure proceeding.

The facts material to an understanding of the question are substantially these: The Ephrata Land Company, a corporation organized in 1911, was the owner of certain land in Grant county. In that year, it executed a mortgage covering the land, together with certain land in King county. In September, 1916, a foreclosure action was commenced on this mortgage in King county, and such proceedings had that the Grant county land was sold thereunder to the mortgagee. The certificate of sale was assigned to Peter C. Chalmers Company, a. corporation, appellant here, and after the expiration of the time for redemption, a sheriff's deed was duly issued to it, on or about April 25, 1919, and it has ever since claimed title thereunder.

In June, 1916, a certificate of delinquency for the 1914 taxes upon this Grant county land was duly issued to one Edward P. Calkins, who thereunder paid subsequent taxes for the years 1915, 1916 and 1917. On May 1, 1916, Calkins made application to the superior court for Grant county for the foreclosure of his tax lien, naming the Ephrata Land Company "and all persons unknown, if any, having or claiming to have an interest in and to the real property"—therein properly described, were made defendants. A summons requiring appearance within sixty days after the service was issued, placed in the hands of the sheriff for service on May 3, 1919, and on the same day returned by him "not found," as to the Ephrata Land Company, "or any member of said Ephrata Land Company." Thereafter, and on May 9, 1919, a copy of the summons was deposited in the office of the secretary of state. The record also shows that another summons, identical in form except that it required ap-

pearance within "sixty days after the date of the first publication of this summons, exclusive of the day of said first publication," was published in a newspaper printed and published at the city of Olympia, for sixty days beginning May 20, 1919.

On July 14, 1919, an affidavit was made, which was filed July 16, to the effect that each of the defendants had been served by publication, and that more than sixty days had expired since the service was made, that none had appeared, etc., and a motion for default was attached to and filed with this affidavit. On July 22, 1919, an order of default, based on this motion and affidavit, was entered, in which it was recited,

"That said defendants and each of them have been duly and regularly served with summons and notice herein as required by law, and that more than sixty days have elapsed since the date of said service, and that each and all of them are now in default for their failure to answer, plead or in any manner appear herein."

There is nothing in the record to indicate any other service, or attempted service, than has been stated, and it is not contended that there was any personal service made upon the Ephrata Land Company by serving any of its officers; that any copy of the summons was mailed to any such officer, nor is there anything in the record to indicate that the Ephrata Land Company could not be found; that it had no officers within the state, or that none could be found therein, and the proceedings seem to rest upon the deposit of the summons with the secretary of state, and its publication in the newspaper published at the state capital. The record also shows that the articles of incorporation of the Ephrata Land Company were filed in the office of the secretary of state on August 16, 1911, and now remain of record there, but that, for failure to pay its annual license fees and accruing penalties

subsequent to the year ending July 1, 1914, the corporation was stricken from the records of the secretary of state on July 1, 1916, and has never been reinstated. Other pertinent facts will appear as we proceed.

Respondent, as plaintiff, claiming title through the tax foreclosure, brought this action to quiet its title to the land in question, and from a decree awarding it the relief prayed for, the defendant Peter C. Chalmers Company, the only defendant appearing in the case, has appealed.

The Ephrata Land Company having been the owner at the time the taxes were assessed, and being shown as the owner on the assessment roll, was the owner for the purposes of foreclosure, and the only necessary party defendant therein, as this court has uniformly held. The summons first issued in form complies with the provisions of § 11292, Rem. Comp. Stat. [P. C. § 6992]. The next succeeding section provides that such summons "shall be served in the same manner as summons in a civil action is served in the superior court." Rem. Comp. Stat., § 11293 [P. C. § 6993]. The attempt was made to serve under § 227, Rem. Comp. Stat. [P. C. § 8440], without any showing that the corporate defendant had no officer in the state upon whom process could be served. We do not hold that such a showing must necessarily precede the service, if the fact exists; but manifestly the fact must exist in order to justify procedure under § 227, and here it is made to appear that, though stricken from the roll of corporations, the Ephrata Land Company, at the time of the commencement of the tax foreclosure, had an office for the transaction of business in the city of Seattle, its principal place of business, and actually had an officer or officers within the state. If such officers could not be found, then the procedure should

have been under § 228, Rem. Comp. Stat. [P. C. § 8441]; but, in any event, as held in *Meikle v. Wenatchee North Central Fruit Distributors,* 123 Wash. 151, 212 Pac. 266, in proceeding under § 227, *supra,* the summons to be published is the summons for personal service; and this is a form of substituted service which becomes perfect only after the deposit of the summons with the secretary of state, the publishing of the same summons once a week for six consecutive weeks, and the expiration of the time limited therein for appearance after the final publication. It is manifest that here what was held in the *Meikle* case to be the proper form of summons was not published; but since both were sixty-day summonses, and if either might be published, then sixty days after the last publication had not expired either when the affidavit and motion for default were made or filed, or even when the default and judgment were entered.

But it is urged that the judgment recites that summons was duly served as required by the statute, and that the purchaser at the sale is protected by that recital. The weakness of this position lies in the fact that, while the judgment does so recite, yet the recital is contradicted by the remainder of the record, and this is not a case where presumptions can be indulged in to sustain jurisdiction. *Wick v. Rea,* 54, Wash. 424, 103 Pac. 462; *Rockwood v. Turner,* 89 Wash. 356, 154 Pac. 465.

Here there are more than mere defects which the presumption of jurisdiction will override, and against which the purchaser at a judicial sale will be protected. Notwithstanding the recital in the judgment, the record affirmatively shows a lack of jurisdiction to enter a judgment of foreclosure, and we see no good reason why the purchaser should not be held bound by what the record affirmatively shows.

The appellant, by its cross-complaint, alleged the tender and deposit in court of a sum sufficient to cover all taxes and interest thereon, and alleged willingness to pay all further sums which the court might find due to the respondent, and prays that its title be quieted. The trial court should have determined the amount which respondent may lawfully receive, and upon payment thereof have quieted appellant's title.

Reversed with directions to enter a judgment accordingly.

MAIN, C. J., FULLERTON, PEMBERTON, and PARKER, JJ., concur.