[No. 26616. Department One. June 4, 1937.]

JOHN W. SPAULDING, *Appellant*, v. W. Z. COLLINS *et al.,* *Respondents.*[1]

*Delos Spaulding,* for appellant.

*W. Grant Armstrong,* for respondents.

[1]Reported in 68 P. (2d) 1025.

BLAKE, J.—Sometime prior to 1932, the town of Morton created a local improvement district known as Local Improvement District No. 3. Defendants owned property within the district, which was described in the assessment roll as follows:

"Portion of Lot 15, Block 1, Plat of East Morton, Lewis county, Washington, lying westerly of a line joining a point on northerly line said lot 32.37′ distance from SE corner said lot to a point on southerly line, said lot 215.22′ distance from SW corner said lot.

"Portion of Lot 16, Block 1, Plat of East Morton, Lewis county, Washington, lying westerly of a line joining a point on northerly line said lot 215.22′ distance from NW corner, said lot to a point on southerly line said lot 245.86′ easterly from SW corner said lot."

Assessments on these and other tracts in the district having become delinquent, the town instituted foreclosure proceedings under Rem. Rev. Stat., § 9386 [P. C. § 1022]. Summons was published, containing descriptions of the various properties upon which foreclosure was sought. It did not, however, contain a description of defendants' property as it was described in the assessment roll. The only approach to such a description contained in the summons was the following: "Northerly portion of lot 15, East Morton. Part of Lot 16, East Morton."

Judgment foreclosing the delinquent assessments against defendants' property was entered May 10, 1932. Sale was had pursuant to the decree of foreclosure, and the property was bid in by the town. Deed to the property was issued to the town on September 26, 1932.

Defendants having failed to redeem within the time limited by law, the town, pursuant to Rem. Rev. Stat., § 9384 [P. C. § 1020], brought an action to obtain authorization for the sale of property acquired by it

as a result of the tax foreclosure proceedings. April 4, 1936, the court entered judgment authorizing the sale of defendants' property. At the sale held pursuant to this decree, plaintiff bid in defendants' property. Thereafter, the town delivered him a deed to it.

On the basis of the title thus acquired, plaintiff brought this action in ejectment. Defendants resisted on the ground that the judgment and sale had in the tax foreclosure proceedings were void for want of jurisdiction. The court held with the defendants on the issue and entered judgment dismissing the action. Plaintiff appeals.

The appellant contends: (1) That the judgment and sale had in the tax foreclosure proceedings were not void for want of jurisdiction; (2) that, if they were, respondents are barred by the statute of limitations from so asserting; (3) that, in any event, respondents are estopped from so asserting by reason of certain facts to which we shall later advert.

■ *First:* The statute (Rem. Rev. Stat., § 9386) relating to the foreclosure of delinquent local improvement district assessments, after prescribing certain preliminary steps, provides that

". . . the treasurer of such . . . town shall . . . proceed with such foreclosure by summons served exclusively by publication in one general notice describing the property *as the same is described in the assessment-rolls.*"

Substantial compliance with the italicized portion of this provision is essential to jurisdiction, and failure to comply with it renders the judgment and sale void. *Wick v. Rea,* 54 Wash. 424, 103 Pac. 462; *Moller v. Graham,* 101 Wash. 283, 172 Pac. 226. Nor is want of jurisdiction cured by the presumptions accorded the tax deed under Rem. Rev. Stat., § 9386. 4 Cooley

on Taxation (4th ed.), §§ 1584, 1590, 1593. See, also, *Moller v. Graham, supra.*

From a comparison of the property descriptions above set out, it is clear that the description of the property in the summons is not "as the same is described in the assessment-rolls." Nor, under the rule as laid down in *Wick v. Rea, supra,* and *Moller v. Graham, supra,* can we say that the mandate of the statute was substantially complied with. The tax deed is void.

■ *Second:* Rem. Rev. Stat., § 9394-1 [P. C. § 1022-1], provides that actions to set aside or cancel a deed issued upon the sale of property for local improvement assessments or for the recovery of property so sold must be brought within three years from and after the issuance of the deed. This action was commenced more than three years after the tax deed was issued to the town. Appellant invokes the statute as a bar to respondents' right to defend their right to possession of the property.

Since long before Local Improvement District No. 3 was created, respondents have been in the actual possession of the property. At all times, both lots have been occupied as their home—their dwelling being on one lot, their garage on the other. They are here seeking only to establish their right to maintain possession. Statutes of limitation serve only to extinguish remedies. *Baker v. Kelley,* 11 Minn. 480. They do not bar the defense of a right already held in enjoyment. 2 Cooley's Constitutional Limitations (8th ed.), pp. 762-764; *Pinkham v. Pinkham,* 61 Neb. 336, 85 N. W. 285. In the case cited, the rule is stated:

"The right to commence and prosecute an action may be lost by delay, but the right to defend against a suit for the possession of property is never outlawed.

The limitation law may, in a possessory action, deprive a suitor of his sword, but of his shield never."

Applying the rule, this court, in the case of *Buty v. Goldfinch,* 74 Wash. 532, 133 Pac. 1057, Ann. Cas. 1915A, 604, 46 L. R. A. (N. S.) 1065, held that the statute (Rem. Rev. Stat., § 162 [P. C. § 8167]) providing that an action to set aside a tax deed must be brought within three years cannot be invoked against a defendant in possession so as to preclude a defense that the tax deed was void, when sued in ejectment by the tax title holder after the expiration of three years. Applying that decision to the question here raised, it is clear that respondents' right to defend their possession was not barred by the provisions of Rem. Rev. Stat., § 9394-1.

■ *Third:* Appellant urges that, in any event, respondents are estopped from asserting the invalidity of the tax deed. This contention is based upon the following facts: That the respondents made payments on the assessment; that they actually knew of the foreclosure proceedings; that, at their request and upon their promise to pay the balance of the assessments, they procured a delay in the entry of judgment; that they knew the property had been sold for the delinquent assessments, and that deed had issued to the town.

Estoppel, however, cannot be invoked to cure a want of jurisdiction. *Young v. Droz,* 38 Wash. 648, 80 Pac. 810. To the contention that the owner was estopped by certain conduct from challenging the validity of a tax deed, the court, in the case cited, said:

"If the sale, and the proceedings pursuant to which it took place, had been merely irregular or voidable, there might be force in respondents' contention. But as the sale was absolutely void, an estoppel cannot be successfully pleaded against appellant by reason

of the conduct mentioned. *Sturgiss v. Dart*, 23 Wash. 244, 62 Pac. 858."

Judgment affirmed.

MAIN, MILLARD, GERAGHTY, and ROBINSON, JJ., concur.